# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

KEVIN WAYNE BURKE, )
)
      Plaintiff, )
)
v. ) Case No. CIV-15-468-D
)
JOHN WHETSEL, ET AL., )
)
      Defendants. )

## <u>O R D E R</u>

The named defendants in this case, John Whetsel, individually and in his official capacity as Oklahoma County Sheriff, the Board of County Commissioners of Oklahoma County, and Commissioners Willa Johnson, Brian Maughan, and Ray Vaughn, move to dismiss Plaintiff Kevin Burke's Complaint for failure to state a claim upon which relief can be granted [Doc. Nos. 11, 13]. Burke has responded to both motions [Doc. Nos. 18, 19]. The matter is fully briefed and at issue.

## BACKGROUND

The present matter stems from Plaintiff's confinement at the Oklahoma County Detention Center (OCDC). The following facts are taken from the Complaint and viewed in the light most favorable to Plaintiff.[1] Plaintiff was a pretrial detainee at the

---

[1]*See Thomas v. Kavern*, 765 F.3d 1183, 1190 (10th Cir. 2014) ("At the motion-to-dismiss stage, [a court] must accept all the well-pleaded allegations of the
(continued...)

OCDC from December 2012 to December 2014. During that time, Plaintiff reported an "incident of contraband" to OCDC officers. After he notified the officers of the incident, Plaintiff was attacked by multiple inmates and suffered severe injuries to his head, face, and left eye. As a result of the attack, Plaintiff underwent emergency reconstructive surgery and the vision out of his left eye is permanently altered. Plaintiff contends his report of contraband made OCDC officers objectively aware that he was at serious risk of retribution by other inmates.

For these events, Plaintiff sues Defendants, as well as up to 100 John and Jane Doe Defendants. Plaintiff alleges the failure of "these defendants" to protect him from harm was under color of state law and pursuant to governmental custom, practice, and/or policy. Plaintiff asserts rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments, 42 U.S.C. §§ 1983, 1985, and 1988,[2] the Oklahoma Constitution, its

---

[1](...continued)
complaint as true and must construe them in the light most favorable to the plaintiff.") (quoting *Cressman v. Thompson*, 719 F.3d 1139, 1144 (10th Cir. 2013)).

[2]Section 1983 provides a remedy for deprivations of constitutional rights performed under color of state law. *Smith v. Martinez*, 608 F. App'x 620, 622 (10th Cir. 2014). Section 1985 provides, *inter alia*, a cause of action for conspiracy to interfere with a person's civil rights accompanied by some racial or otherwise class-based discriminatory animus. *Jones v. Norton*, 809 F.3d 564, 578 (10th Cir. 2015). Section 1988 does not create a substantive cause of action. It only provides the means for a prevailing party to recover attorney's fees in a § 1983 action. *Hidahl v. Gilpin County Dept. of Social Servs.*, 938 F.2d 1150, 1152 (10th Cir. 1991).

statutes, and common law.

Defendant Whetsel, in his individual capacity, moves to dismiss the Complaint on factual and legal grounds. Factually, he contends the Complaint contains only vague, conclusory allegations and does not provide him with sufficient notice of Plaintiff's claims against him. Legally, he contends the Complaint fails to state a claim upon which relief can be granted as (1) he is entitled to qualified immunity, (2) Plaintiff has pled insufficient facts to state a claim for relief arising under the Constitution or federal civil rights statutes, and (3) Plaintiff's supplemental claims should be dismissed for lack of subject matter jurisdiction under Oklahoma's Governmental Tort Claims Act and for failure to exhaust administrative remedies.

In his official capacity as Oklahoma County Sheriff, Whetsel and the remaining defendants move to dismiss the Complaint on similar grounds. They contend the Complaint fails to provide sufficient notice of the claims against which they must defend. They also allege Plaintiff fails to state a plausible claim for relief as his claims are redundant and he does not allege sufficient facts demonstrating the existence of a policy or custom, and Plaintiff's supplemental state claims must be dismissed for lack of subject matter jurisdiction.

## STANDARD OF DECISION

Under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain

3

statement of the claim showing that the pleader is entitled to relief." When considering a motion to dismiss for failure to state a claim, a court must distinguish between well-pled facts and conclusory allegations. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). In this regard, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir.2007) (emphasis in original).

The "plausibility" standard announced in *Twombly* and *Iqbal* is not considered a "heightened" standard of pleading, but rather a "refined standard," which the Tenth Circuit has defined as "refer[ring] to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to

plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (citing *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)).

The Court of Appeals has further noted that "[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context." *See id.* (quoting *Robbins*, 519 F.3d at 1248). "Thus, [it has] concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" *Id.* (quoting *Robbins*, 519 F.3d at 1247). Accordingly, in deciding *Twombly* and *Iqbal*, there remains no indication the Supreme Court "intended a return to the more stringent pre-Rule 8 pleading requirements." *Khalik*, 671 F.3d at 1191 (citing *Iqbal*, 556 U.S. at 678). It remains true that "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555); *see also al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009) ("*Twombly* and *Iqbal* do not require that the complaint include all facts necessary to carry the plaintiff's burden.").

Lastly, "[w]hile the 12(b)(6) standard does not require that Plaintiff establish

5

a prima facie case in [his] complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik*, 671 F.3d at 1191 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002)).

Where dismissal is granted for failure to state a claim, the Court should grant leave to amend freely "if it appears at all possible that the plaintiff can correct the defect." *Triplett v. Leflore County, Okla.*, 712 F.2d 444, 446 (10th Cir. 1983). Leave to amend is not automatic and may be properly denied where an amendment would be futile. *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2004). "A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment." *E.spire Commc'ns., Inc. v. N.M. Pub. Regulation Comm'n*, 392 F.3d 1204, 1211 (10th Cir. 2004) (internal quotation marks omitted).

## DISCUSSION

The constitutional rights of a pretrial detainee are protected by the Due Process Clause of the Fourteenth Amendment. *Lopez v. LeMaster*, 172 F.3d 756, 759 n. 2 (10th Cir. 1999) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979)). The Due Process Clause provides that "no State shall . . . deprive any person of life, liberty, or property without due process of law." U.S. CONST. AMEND. XIV, § 1. Although

neither jail officials nor municipalities can absolutely guarantee the safety of their prisoners, *Lopez*, 172 F.3d at 759, they do, however, have a responsibility for taking reasonable measures to ensure their safety. *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994)).

Such responsibility exists where the state has a custodial relationship with the victim, such as a pretrial detainee, which triggers an affirmative duty to provide protection. *Id.*; *Liebson v. N.M. Corr. Dept.*, 73 F.3d 274, 277 (10th Cir. 1996) ("[I]t [is] clearly established that state officials had a duty to protect individuals whom they had taken involuntarily into their physical custody and control."). The other scenario is "when a state actor affirmatively acts to create, or increases a plaintiff's vulnerability to, or danger from[,] private violence." *Robbins v. Oklahoma*, 519 F.3d 1242, 1251 (10th Cir. 2008) (quoting *Currier v. Doran*, 242 F.3d 905, 923 (10th Cir. 2001)). This is known as the "danger creation" theory. In the Tenth Circuit, a pretrial detainee's due-process clause rights parallel that of an inmate's Eighth Amendment rights. *Lopez*, 172 F.3d at 759 n. 2 ("Pretrial detainees are protected under the Due Process Clause rather than the Eighth Amendment. In determining whether [plaintiff's] rights were violated, however, we apply an analysis identical to that applied in Eighth Amendment cases brought pursuant to § 1983.") (citing *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979)).

7

Plaintiff asserts claims under 42 U.S.C. §§ 1983 and 1985(3)[3] for alleged violations of his constitutional rights related to his confinement in the OCDC and the attack that took place there. "Sections 1983 and 1985(3) of the Civil Rights Acts do not create substantive rights." *Gallegos v. City and County of Denver*, 984 F.2d 358, 362 (10th Cir.1993) (citing *Trujillo v. Grand Junction Regional Ctr.*, 928 F.2d 973, 977 (10th Cir.1991); *Dixon v. City of Lawton*, 898 F.2d 1443, 1448 (10th Cir.1990)). They merely provide an avenue of relief to a plaintiff who has been deprived of an existing constitutional or federal statutory right. *Id*.

In order to state a cognizable claim for failure to protect, a pretrial detainee must satisfy objective and subjective components. *Benefield v. McDowall*, 241 F.3d 1267, 1271 (10th Cir. 2001). Under the objective component, the plaintiff must show he is incarcerated under conditions posing a substantial risk of serious harm. *Id*. The subjective component requires the plaintiff to show the defendant official was deliberately indifferent to his safety. *Id*. Although the Court finds the Complaint, on its face, adequately pleads a § 1983 violation, it fails to plausibly state a claim for relief against the named defendants. Defendant Whetsel's individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation,

---

[3]Subsections 2 and 3 of § 1985 provide causes of action for preventing a United States officer from performing his or her duties and conspiring to obstruct justice. The allegations of Plaintiff's Complaint do not fall under either subsection.

i.e., he actively participated or acquiesced in the violation. *Frazier v. Flores*, __ F. App'x __, 2016 WL 25574, at *2 (10th Cir. Jan. 4, 2016) (citing *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir.1997)). "Because vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676 (internal citations omitted). Here, the Complaint contains no sufficient allegation of Whetsel's involvement, participation, or acquiescence in the alleged violation. It does not contain sufficient facts to support an inference that Whetsel acted with deliberate indifference or disregarded a known risk to Plaintiff. Although Plaintiff's response attaches materials regarding a Department of Justice investigation into the conditions at the OCDC, and imputes such investigation to Whetsel's (and the commissioners') state of mind, the Court is required to look at *the Complaint* to determine whether Plaintiff has stated a plausible claim for relief. Consideration of such evidence at this stage would require the Court to convert Defendants' motions into motions for summary judgment, which the Court declines to do. Accordingly, the documents relied upon by Plaintiff, which were not attached to, or referenced in, the Complaint, are not properly before this Court.

Likewise, a governmental entity[4] may be liable when "the action that is alleged to be unconstitutional implements or executes a policy, statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers." *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 690 (1978). A governmental entity may also incur liability when an unconstitutional practice "is so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Murrell v. School Dist. No. 1*, 186 F.3d 1238, 1249-50 (10th Cir.1999); *Monell*, 436 U.S. at 691. Liability based on an unconstitutional policy or custom can be established "only when the official policy is the 'moving force behind the injury alleged. That is, a plaintiff must show that the [official] action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the [official] action and deprivation of federal rights.'" *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir.1999) (quoting *Board of County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997)); *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1318 (10th Cir. 2002).

---

[4]Plaintiff's naming of Whetsel in his official capacity and the individual commissioners as defendants is duplicative of his action against the Board of County Commissioners. "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. ... It is *not* a suit against the official personally, for the real party in interest is the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (emphasis in original); *see also Watson v. City of Kansas City*, 857 F.2d 690, 695 (10th Cir. 1988) ("A suit against a municipality and a suit against a municipal official acting in his or her official capacity are the same.").

In light of this standard, the Court finds the Complaint does not contain sufficient facts to state a claim for § 1983 municipal liability that is plausible on its face. The Complaint makes the following pertinent allegations regarding the Board of County Commissioners:

> 6. [T]he various acts and/or omissions alleged in this complaint occurred while the defendants named herein acted pursuant to governmental custom, practice and/or policy in Oklahoma County, Oklahoma, which practice and/or policy was so well settled that the practice and/or policy had the force of law.

Compl., ¶ 6. These allegations are conclusory and fail to identify a particular policy or custom that was a moving force behind the alleged constitutional violation. Without such an allegation, the Complaint fails "to inform the defendants of the actual grounds of the claim against them." *Robbins*, 519 F.3d at 1248.

For the same reasons, the Court finds the Complaint fails to state a plausible claim for relief under § 1985(3). That statute provides a remedy where a plaintiff can show "(1) the existence of a conspiracy (2) intended to deny [him] equal protection under the laws or equal privileges and immunities of the laws (3) resulting in an injury or deprivation of federally-protected rights, and (4) an overt act in furtherance of the object of the conspiracy." *Murray v. City of Sapulpa*, 45 F.3d 1417, 1423 (10th Cir. 1995) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971) (further citations omitted). Moreover, in order to state a § 1985(3) claim, Plaintiff must allege

the conspiring defendants acted with discriminatory animus, which he has failed to do. *See Bisbee v. Bey*, 39 F.3d 1096, 1102 (10th Cir. 1994)("[I]n the absence of allegations of class based or racial discriminatory animus, the complaint fails to state a claim under § 1985.").

To state a claim for conspiracy, Plaintiff must allege specific facts showing an agreement and concerted activity among the Defendants. *Compare Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 533 (10th Cir.1998) (discussing conspiracy under § 1983 and concluding "a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants.") (citation omitted). "[M]ere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action." *Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir.1983) (discussing conspiracy under § 1983) (citation omitted). Here, Plaintiff fails to include any such allegations in the Complaint, and therefore, his conspiracy claim under § 1985(3) is hereby dismissed as well.

Having found Plaintiff has failed to state an adequate claim for relief under the theories asserted herein, the Court declines to address the remainder of Defendants' contentions. Although the Court grants Defendants' motions to dismiss, it is not convinced at this time that Plaintiff will be unable to state a plausible claim for relief.

Accordingly, dismissal of this action shall be without prejudice to Plaintiff's right to file an amended complaint.

## CONCLUSION

Accordingly, Defendants' Motions to Dismiss [Doc. Nos. 11, 13] are **GRANTED** as set forth herein. Plaintiff shall file an amended complaint within twenty-one (21) days of this Order.

**IT IS SO ORDERED** this 16th day of February, 2016.

TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE