# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEVIN WAYNE BURKE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-15-468-D |
| JOHN WHETSEL, et al., | ) |
| Defendants. | ) |

## **O R D E R**

The present action stems from an attack upon Plaintiff while he was a pretrial detainee at the Oklahoma County Detention Center. In a previous order, the Court granted Defendants' motions to dismiss on the grounds that the Complaint failed to state a claim upon which relief could be granted. Specifically, the Court found that the Complaint contained insufficient facts to state a plausible claim for: (1) § 1983 liability against Defendant Sheriff John Whetsel either individually or officially; (2) § 1983 municipal liability against Defendant Board of County Commissioners; and (3) § 1985(3) liability against Defendants. *See* Order, Feb. 16, 2016 at 8-12 ("Order") [Doc. No. 20]. Plaintiff was granted leave to file an amended complaint, and on April 19, 2016, Plaintiff filed his amended complaint [Doc. No. 27]. Defendants again move to dismiss the complaint on the grounds that it fails to correct the defects in the original.

Upon review of the Amended Complaint, the Court agrees that, under the allegations therein, Plaintiff has failed to state a claim upon which relief can be granted. As noted in the Court's prior Order, municipalities and municipal entities are not liable under § 1983 solely because their employees inflict injury on a plaintiff, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978), and that to state a claim Plaintiff must demonstrate (1) the existence of a municipal policy or custom, which (2) directly caused the injury alleged. *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993) (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989)). To this end, the Amended Complaint again fails to adequately identify a policy or custom on the part of the County that led to any injury. Accordingly, Defendants' motion is granted on this ground.

Plaintiff has re-asserted individual and official capacity[1] claims against Defendant Whetsel. However, these claims are also subject to dismissal based on the Plaintiff's failure to sufficiently allege Whetsel's personal participation or the presence of an unconstitutional policy or custom. Personal participation is necessary for liability under § 1983. *See Foote v. Spiegel*, 118 F.3d 1416, 1423-24 (10th Cir. 1997) (individual liability under § 1983 must be based on personal

---

[1] As noted in the Court's previous Order, the naming of Whetsel in his official capacity is duplicative of Plaintiff's action against the Board of County Commissioners. Order at 10, n. 4 (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). Accordingly, the Court finds that Whetsel, in his official capacity, should be dismissed from this action.

involvement in the alleged constitutional violation) (citation omitted); *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) ("Personal participation is an essential allegation in a § 1983 claim.") (citation omitted). A plaintiff must both allege in the complaint and prove at trial an affirmative link between the alleged constitutional violation and a defendant's participation. *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1156-57 (10th Cir. 2001).

The Amended Complaint does not plead any sufficient facts indicating participation by Whetsel in the alleged constitutional violations. The Complaint makes only general statements regarding Whetsel's supervisory role[2] and references a report issued by the Department of Justice criticizing jail conditions, which was issued approximately five years prior to the events at issue. Even viewing such evidence and all reasonable inferences in the light most favorable to Plaintiff, such allegations do not implicate Whetsel's personal participation.

Although the actions described in Plaintiff's Amended Complaint may establish the basis for a negligence action, ordinary negligence does not rise to the

---

[2] In certain cases, personal participation may exist through conduct taken as a supervisor. *Meade v. Grubbs*, 841 F.2d 1512, 1527-28 (10th Cir. 1988). For liability as a supervisor, however, Plaintiff must establish an affirmative link between the supervisor (Whetsel) and the violation, namely the active participation or acquiescence of the supervisor in the constitutional violation by the subordinates. *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006). Supervisory liability must be based on active unconstitutional behavior and not a mere right to control employees. *Id*. at 1153. The Amended Complaint does not allege facts suggesting an affirmative link between Whetsel and the constitutional violations.

level of a constitutional deprivation and is therefore not actionable under § 1983. Accordingly, Defendant's motion is granted on this issue.

Likewise, the Court finds Plaintiff has not stated a claim under § 1985(3). To assert a plausible claim under § 1985(3), plaintiff must allege a conspiracy based on discriminatory animus. *See Jones v. Norton*, 809 F.3d 564, 576 (10th Cir. 2015). Here, the Complaint fails to allege any facts tending to show an agreement or concerted action, much less any such action based on discrimination. Because Plaintiff alleges no adequate facts to support his conspiracy claim, the Court finds such claim should be dismissed.

Having found Plaintiff has failed to state a claim under the aforementioned theories, the Court declines to address the remainder of Defendant's contentions. Since it appears Plaintiff is unable to assert a constitutional claim against these defendants, the Court finds that further amendment would be futile and Plaintiff's claims should be dismissed with prejudice to refiling.

Accordingly, Defendants' Motions to Dismiss Amended Complaint [Doc. Nos. 28, 29] are **GRANTED** as set forth herein.

**IT IS SO ORDERED** this 21st day of November, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE